338 F.2d 958
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CUYAHOGA, LAKE, GEAUGA AND ASHTABULA COUNTIES CARPENTERS
DISTRICT COUNCIL, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA, AFL-CIO, Respondent.
 No. 15729.
 United States Court of Appeals Sixth Circuit.
 Nov. 17, 1964.
 
 Linda Shaer, Atty., N.L.R.B., Washington, D.C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Lee M. Modjeska and Bernard Wray, Attys., N.L.R.B., Washington, D.C., on the brief, for petitioner.
 Jerome N. Curtis, Cleveland, Ohio, Jerome N. Curtis, and Marvin L. Karp, Cleveland, Ohio, on the brief, Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, of counsel, for respondent.
 Before CECIL and EDWARDS, Circuit Judges, and McCREE, District Judge.
 PER CURIAM.
 
 
 1
 Petitioner seeks enforcement of an order directing respondent to cease and desist from violations previously found of Secton 8(b)(4)(i) and (ii)(B)[1] of the National Labor Relations Act and to post compliance notices. These provisions, among other things, prohibit strikes or threats of strikes against any person to require him 'to cease doing business with any other person.' Respondent disputes the findings as not based on substantial evidence.
 
 
 2
 The original complaint was filed by a subcontractor, The Berti Company, to which a general contractor, the Malan Construction Company, had assigned the erecting of nailable metal studs on a Cleveland construction job involving building a Veterans' Hospital.
 
 
 3
 The Berti Company employed members of the Wood, Wire & Metal Lathers International Union on the Cleveland job and the respondent Carpenters' Union claimed the work on the studs referred to.
 
 
 4
 After submission of this dispute to the National Joint Board for Settlement of Jurisdictional Disputes, a decision favorable to respondent Carpenters' Union resulted. Berti, however, refused to be bound by the award and continued to employ members of the Lathers' Union on the disputed work.
 
 
 5
 Respondent's steward talked to the job stewards of other trades' employees on the project, describing the dispute, his fellow union members' dissatisfaction and in one case enlisting help. Respondent's business agent also talked to the prime contractor stating that respondent's members would probably walk off the job unless Berti gave the stud work to the carpenters. On Berti's refusal, a strike of two-day duration occurred involving all of the carpenters on the job and involving picketing of the main entrances of the building site with signs which stated 'On Strike. This Contractor Unfair to Carpenters.'
 
 
 6
 Respondent Union, while contending with vigor taht it was entitled to the work involved, argued also that the strike was a 'wildcat strike' on the part of the individual carpenters concerned and that the Union was in no way organizationally responsible for it.
 
 
 7
 After a hearing before a trial examiner, the NLRB entered its Decision and Order which included this basic finding of fact:
 
 
 8
 '* * * We find that Respondents are responsible for the picketing on June 29 and thereafter, and that such picketing, with an object of forcing Malan, Ceco, Irsay, Doan, and other employers engaged in the project to cease doing business with Berti, was (1) inducement and encouragement of employees of these employers; and (2) restraint and coercion of the employers themselves, in violation of Section 8(b)(4)(i) and (ii)(B) of the Act. * * *'
 
 
 9
 The finding of facts in relation to such an issue (herein a secondary boycott) is peculiarly the function of the National Labor Relations Board. 29 U.S.C. 160(e).
 
 
 10
 This court's review of NLRB findings is limited to determining whether or not on the whole record we can say that there is no substantial evidence to support the findings. N.L.R.B. v. Universal Camera Corp., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The merits of the Carpenters' Union primary dispute with The Berti Company are argued with vigor by respondent. The statute does not, however, permit either the Board or this court to consider them.
 
 
 11
 On consideration of this record, particularly those portions which deal with the strike and with the activities and statements of respondent's business agent, Welo, and steward, Burstein, and the testimony of Malan's project manager, Wagers, we are unable to say that 'no substantial evidence' supports the findings of fact of the Board.
 
 
 12
 Accordingly, a decree will issue enforcing the order of the National Labor Relations Board.
 
 
 
 [1]
 Title 29 U.S.C. 158(b)(4)(i) and (ii)(B)